UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DAVID McNISH, )
 )
    Petitioner, )
 )
v. ) No. 2:00-cv-95
 ) (Phillips/Inman)
 )
RICKY BELL, Warden, )
 )
    Respondent. )

## MEMORANDUM AND ORDER

Petitioner David McNish, a death-row inmate in state prison in Nashville, Tennessee, filed this petition for the writ of habeas corpus pursuant to 28 U.S.C. §2254. The court denied petitioner's motion for summary judgment, granted respondent's motion for summary judgment, denied the habeas corpus petition, and denied a certificate of appealability. Presently pending before the court is petitioner's motion to alter or amend the Memorandum and Judgment Order. For the following reasons, the motion to alter or amend [Doc. 189] is **DENIED**.

Petitioner contends the court overlooked or misapprehended several controlling points of fact and law. Petitioner also asks the court to reconsider a number of specific claims and to make an individualized determination regarding those issues warranting a certificate of

appealability. Respondent asserts that petitioner's arguments do not meet the criteria to grant a motion to alter or amend but rather amount to re-arguments.

Petitioner's motion is brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. "A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corporation v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Rule 56(e) motions are not "intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (internal quotations and citations omitted).

The court finds that petitioner arguments in his motion to alter or amend are attempts to re-argue the points previously considered. In addition, to the extent petitioner relies on the recent Supreme Court decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), his reliance is misplaced.

The *Martinez* Court decided that in order to "protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel, it is necessary to modify the unqualified statement in *Coleman* [*v. Thompson*, 501 U.S. 722 (1991)] that an attorney's

2

ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id*. at 1315. The Court considered the situation in which a state does not permit a claim of ineffective assistance of trial counsel to be raised on direct appeal but rather requires such a claim be raised in a collateral proceeding; the Court referred to such collateral proceedings as "'initial-review collateral proceedings.'" *Id*.

Consequently, the Court held that in states which require claims of ineffective assistance of trial counsel to be raised in an initial-review collateral proceeding, failure of counsel in an initial-review collateral proceeding to raise a claim of ineffectiveness of trial counsel may provide cause to excuse the procedural default of such a claim. *Id*. The Court in *Martinez* thus crafted a narrow exception to *Coleman*: "*Coleman* held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true *except* as to initial-review collateral proceedings for claims of ineffective assistance of counsel *at trial*." *Id*. at 1319 (emphasis added).

In a very recent decision, the Sixth Circuit determined that *Martinez* does not apply to habeas corpus cases which involve Tennessee convictions.

> [T]he Supreme Court's decision in *Martinez* puts yet another wrinkle in the crushed velvet that is federal habeas corpus jurisprudence, but the *Martinez* rule is not implicated here. *Martinez* held that where the state courts do not permit ineffective assistance of trial counsel claims to be brought on direct appeal but require they be brought on collateral attack, ineffective assistance of collateral counsel can provide cause to excuse procedural default. But Tennessee does *not* require prisoners to bring ineffective assistance of trial counsel claims on collateral attack—prisoners may bring them on direct appeal. Tennessee's system does not implicate the same concerns as those that triggered the rule in *Martinez* because in Tennessee a collateral proceeding is

3

not "the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial."

*Hodges v. Colson*, 711 F.3d 589, 612 (6th Cir. March 26, 2013) (quoting *Martinez*, 132 S. Ct. at 1320) (internal citations omitted). Accordingly, *Martinez* does not afford petitioner any relief.

Petitioner also contends that the court must make an individualized determination of each issue he raised as to whether the issue warrants the grant of a certificate of appealability. The court disagrees. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, effective December 1, 2009, provides that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) further provides that "[i]f the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id*.

Section 2253 (c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The court determined that petitioner had failed to make a substantial showing of the denial of a constitutional right and thus denied him a certificate of appealability. Petitioner's motion to alter or amend the Memorandum and Judgment is **DENIED**.

**ENTER:**

                                          s/ Thomas W. Phillips
                                          United States District Judge