UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID McNISH, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| v. ) | No.: 2:00-CV-095-PLR-DHI |
| ) | |
| WAYNE CARPENTER, Warden, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a petition for writ of habeas corpus brought by death row inmate, Petitioner David McNish ("Petitioner"). The Court denied the Petition finding that Petitioner had not made a substantial showing of the denial of a constitutional right [R. 187, 188]. On motion of the Petitioner, the Sixth Circuit remanded the matter to consider the impact of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), as applied to Tennessee convictions by *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014), and with respect to the Court's prior rulings that Petitioner's ineffective assistance of counsel claims were procedurally defaulted. *Trevino* stands for the proposition that the failure of post-conviction counsel to properly litigate, in the state courts, a defendant's claim of ineffective assistance of trial counsel may excuse the defendant's procedural default of those claims for purposes of federal habeas corpus review.

The parties are hereby **ORDERED** to brief this issue. Petitioner's brief **SHALL** be filed within forty-five (45) days of this memorandum and order, and **SHALL** identify

the specific claims that Petitioner contends are impacted by *Martinez* and *Trevino*, and why Petitioner is entitled to relief under *Martinez* and *Trevino* as to specific claims. Respondent's responsive brief **SHALL** be filed within forty-five (45) days after Petitioner's brief is filed.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE