UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DAVID McNISH, )
)
    Petitioner, )
)
v. ) No.: 2:00-CV-095-PLR-CLC
)
BRUCE WESTBROOKS, Warden, )
)
    Respondent. )

## MEMORANDUM OPINION

David McNish ("Petitioner") was sentenced to death by a jury in Carter County, Tennessee, following his 1984 conviction for first-degree murder. Petitioner has exhausted his appeals in the Tennessee Courts, and this Court denied his federal habeas corpus petition on February 12, 2013 [Docs. 187, 188]. This matter is now before the Court on remand from the Sixth Circuit. After reviewing the supplemental briefs filed by both parties, including supporting affidavits and exhibits from Petitioner, the applicable law, and, where relevant, the record of Petitioner's underlying conviction and habeas records, the Court will **GRANT** Petitioner's motion in part and **DENY** it in part.

### I.     Procedural Background[1]

Petitioner was convicted of first-degree murder for the April 5, 1983 murder of Gladys Smith, a seventy-year-old widow, and received a sentence of death. The conviction and sentence were affirmed on direct appeal to the Tennessee Court of Criminal Appeals and the Tennessee Supreme Court. *See State v. McNish*, 727 S.W.2d 490 (Tenn. 1987). The United States Supreme

---

[1] The Court assumes familiarity with Petitioner's case and discusses the procedural and factual background only as it is relevant to the issues currently before the Court.

Court denied certiorari. *McNish v. Tennessee*, 484 U.S. 873 (1987). Petitioner subsequently filed a petition for post-conviction relief that was denied by the Carter County Criminal Court and the Tennessee Court of Criminal Appeals. *See McNish v. State*, No. 03C01-9712-CR-00550, 1999 WL 604436 (Tenn. Crim. App. Aug. 12, 1999), *perm. app. denied* Mar. 6, 2000.

Petitioner filed a habeas corpus petition that the Court denied on February 12, 2013 [Docs. 187, 188]. In reaching this decision, the Court found that Petitioner had procedurally defaulted some of his ineffective assistance of trial counsel claims by failing to properly exhaust them in the state proceedings [Doc. 187]. The Court also denied a certificate of appealability on Petitioner's claims [Doc. 188]. Petitioner next filed a motion to alter judgment [Doc. 189], which the Court denied on May 30, 2013 [Doc. 194]. Petitioner appealed the Court's denial of his habeas petition to the Sixth Circuit. Following the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), Petitioner filed a motion to remand this case that the Sixth Circuit granted [Doc. 196].

The Court ordered both parties to file supplemental briefs on the ineffective assistance of counsel claims affected by *Martinez* and *Trevino* addressing why Petitioner is or is not entitled to relief on those claims [Doc. 197]. Petitioner has filed his supplemental brief [Doc. 202], Respondent has filed a response [Doc. 208], and Petitioner has filed a reply to Respondent's response [Doc. 211].

**II. Analysis**

Petitioner is seeking relief from the Court's procedural default ruling, arguing that he can establish the requisite cause and prejudice to excuse the procedural default of his ineffective assistance of trial counsel claims because he received ineffective assistance by his post-conviction trial counsel [Doc. 202]. Petitioner specifically seeks to reopen the following

ineffective assistance of counsel claims: (1) that trial counsel failed to investigate and present petitioner's social history comprising classic mitigating evidence; and (2) that trial counsel failed to investigate and present evidence on the absence of premeditation [Doc. 202].

In *Martinez*, the Supreme Court created "a narrow exception" to the general rule of *Coleman v. Thompson* that a habeas petitioner cannot use ineffective assistance of collateral review counsel as cause to excuse a procedural default. 501 U.S. 722, 756–57 (1991). The Supreme Court held that where a state's procedural law requires claims of ineffective assistance of counsel to be raised in an initial-review collateral proceeding, a procedural default will not bar a habeas court from hearing a substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. *Martinez*, 132 S. Ct. at 1320. The Court subsequently expanded the *Martinez* exception, holding that where a "state['s] procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of counsel on direct appeal, [the] holding in *Martinez* applies." *Trevino*, 133 S. Ct. at 1921. The Sixth Circuit has since held that *Martinez*, as expanded by *Trevino*, is applicable in Tennessee. *See Sutton v. Carpenter*, 745 F.3d 787, 795–96 (6th Cir. 2014).

*Martinez* permits a petitioner to establish cause to excuse a procedural default of an ineffective assistance of trial counsel claim by showing that he received ineffective assistance by post-conviction counsel. *See Martinez*, 132 S. Ct. at 1320. This holding, however, does not dispense with the "actual prejudice" requirement established by the Supreme Court in *Coleman*. 501 U.S. at 750. To successfully establish cause and prejudice under *Martinez* and *Trevino*, a petitioner must show a substantial underlying claim of ineffective assistance of trial counsel. *See*

3

*Trevino*, 133 S. Ct. at 1918; *Martinez*, 132 S. Ct. 1318–19. "To establish that his claim is 'substantial,' a habeas petitioner must 'show that his post-conviction relief counsel was ineffective under *Strickland v. Washington*.' That is, the petitioner must show both that his post-conviction counsel's performance was constitutionally deficient and that the petitioner was prejudiced by the deficiency." *Thorne v. Hollway*, No. 3:14-CV-0695, 2014 WL 4411680, at *22 (M.D. Tenn. Sept. 8, 2014) (quoting *Clabourne v. Ryan*, 745 F.3d 362, 376 (9th Cir. 2014)).

The Sixth Circuit has directed that a district court reconsidering ineffective assistance of counsel claims under *Martinez* and *Trevino* must first address whether the petitioner can demonstrate "(1) the absence or ineffective assistance of his post-conviction counsel and (2) the 'substantial' nature of his underlying [ineffective assistance of trial counsel claims]." *Woolbright v. Crews*, 791 F.3d 628, 637 (6th Cir. 2015). If the petitioner demonstrates these first two elements, the Petitioner has established cause to excuse the procedural default, and the district court must next determine whether the petitioner can establish prejudice from the alleged ineffective assistance of trial counsel. *Id*. If the petitioner successfully establishes cause and prejudice, the final step is for the district court to evaluate the underlying ineffective assistance of trial counsel claims on the merits. *Atkins v. Holloway*, No. 12-6498, 2015 WL 4098358, at * 5 (6th Cir. July 8, 2015).

As part of showing a substantial claim of ineffective assistance of trial counsel, the petitioner must prove prejudice under *Strickland*. *See McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 752 (6th Cir. 2013) ("To be successful under *Trevino*, [petitioner] must show a 'substantial' claim of ineffective assistance, and this requirement applies as well to the prejudice portion of the ineffective assistance claim." (internal citations omitted)). Under *Strickland*, a petitioner can prove prejudice by showing "that there is a reasonable probability

4

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The "actual prejudice" requirement of *Coleman* and the prejudice requirement of *Strickland* overlap such that

> in many habeas cases seeking to overcome procedural default under *Martinez*, it will be more efficient for the reviewing court to consider in the first instance whether the alleged underlying ineffective assistance of counsel was "substantial" enough to satisfy the "actual prejudice" prong of *Coleman*. If not, because the "cause and prejudice" standard is conjunctive rather than disjunctive, the reviewing court would have no need to consider whether the petitioner has established cause to overcome the procedural default, in the form of ineffective assistance of post-conviction counsel.

*Thorne*, 2014 WL 4411680, at *23. The Supreme Court has defined this "substantial" showing as requiring a petitioner to show that the claim has some merit. *Martinez*, 132 S. Ct. at 1318–19 (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)). The threshold inquiry at this stage "does not require full consideration of the factual or legal basis adduced in support of the claims"; rather, the court is required to engage in a preliminary, though not definite, consideration of the two-step framework mandated by *Strickland*. *Miller-El*, 537 U.S. at 336, 338.

   A.   **Failure to investigate and present Petitioner's social history comprising classic mitigating evidence**.

      1.   **Relief under *Martinez***

As previously mentioned, under *Martinez*, the Court is required to undertake a preliminary analysis of Petitioner's underlying ineffective assistance of trial counsel claim in order to determine whether the claim has some merit. *See Martinez*, 132 S. Ct. at 1318–19. Petitioner argues that his trial counsel was ineffective for failing to investigate and present evidence of Petitioner's impoverished and abusive family background, mental health issues, and brain damage [Doc. 202]. Petitioner argues that his trial counsel's preconceived notions about

5

mental health illness prevented him from investigating Petitioner's social and mental history because counsel believed that their decision to pursue a reasonable doubt defense precluded them from using any sort of mental health defense [Doc. 202 p. 7–8]. According to Petitioner, counsel's decision was not strategic because there was no investigation conducted to support it [Doc. 202 p. 1]. Petitioner claims that he was prejudiced by his trial counsel's failure to present evidence of his social history because the evidence is mitigating, and there is a reasonable probability that this mitigating evidence would have outweighed the sole aggravating factor [Doc. 202 p. 40].

In response, Respondent argues that Petitioner is not entitled to relief on this claim under *Martinez* because this Court previously found that the Tennessee Court of Criminal Appeals addressed and rejected this claim on a more limited record and factual allegations, and the Court concluded that petitioner was not entitled to federal habeas relief [Doc. 208 p. 4]. Petitioner, in reply, argues that Respondent neglects the portion of this Court's previous ruling which specifically stated that this issue was procedurally defaulted [Doc. 211]. The Court agrees with Petitioner. To the extent that Petitioner alleges that his trial counsel were ineffective for failing to investigate and present mitigating evidence in form of Petitioner's family history, the issue was procedurally defaulted for failure to present it to the post-conviction trial court and, therefore, falls within the purview of *Martinez* [*See* Doc. 187 p. 100].

The Supreme Court has held that the failure to investigate and present mitigating evidence at sentencing generally constitutes ineffective assistance of counsel. *See Williams v. Taylor*, 579 U.S. 362, 393 (2000). Here, Petitioner's trial counsel presented mitigating evidence in form of testimony from Petitioner's family members and Petitioner himself. However, they failed to explore a wealth of evidence that was available to them concerning Petitioner's family

6

and mental history. A preliminary review of counsel's failures in this respect, based on existing Supreme Court precedent on failure to investigate and present mitigating evidence, indicates that Petitioner's ineffective assistance of trial counsel claim here has some merit.

With respect to ineffective assistance of counsel by Petitioner's post-conviction counsel, the Court must also find that Petitioner received ineffective assistance with respect to the procedural default of this claim by his state post-conviction counsel. *Strickland* requires a petitioner to show both deficient performance and prejudice in order to bring a successful ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 687–88. Admittedly, "the *Strickland* analysis 'does not require an attorney to raise every non-frivolous issue on appeal.'" *Ballard v. United States*, 400 F.3d 404, 407 (6th Cir. 2005) (quoting *Caver v. Straub*, 349 F.3d 340, 348–49 (6th Cir. 2003)). However, the Supreme Court has noted the importance of developing the evidentiary basis for a claim of ineffective assistance of counsel, which often turns on evidence outside the trial record. *See Martinez*, 132 S. Ct. at 1317. The record indicates that in the amount of time that Petitioner's case bounced around from one attorney to the next during the state post-conviction appeal proceedings, none of Petitioner's counsel thoroughly investigated the lack of mitigating evidence in form of Petitioner's social, mental, and family history [Doc. 202 pp. 47–50]. Having found that this claim has some merit, Counsel's actions in ignoring this avenue that was potentially successful cannot be rationalized. Furthermore, the Sixth Circuit has found that "an appellate counsel prejudices a client where the attorney fails to raise on appeal a meritorious claim." *Carver*, 349 F.3d at 349–50. As such, the Court finds that Petitioner's post-conviction counsel was ineffective under *Strickland*.

### 2. Merits of Petitioner's Ineffective Assistance of Trial Counsel Claim

Because the Court has found that Petitioner has established the requisite cause and prejudice to excuse the procedural default of his claim of ineffective assistance of counsel claim for failure to investigate and present mitigating evidence, the Court must now evaluate Petitioner's underlying ineffective assistance claim on its merits. *See Atkins*, 2015 WL 4098358, at *5.

### a. Evidence of Petitioner's Life History.

Petitioner presented evidence of his family, social, and mental history in form of affidavits, health records, and military records [Doc. 202]. These records were never presented to the jury during Petitioner's trial, and were introduced in the state courts for the first time during the appeal of the denial of Petitioner's petition of post-conviction relief. The Tennessee Court of Criminal appeals denied Petitioner's remand motion to expand the record before the post-conviction trial court, stating that this information was readily available to post-conviction counsel.

The affidavits of Petitioner's family members described the abusive environment Petitioner grew up in. Petitioner's mother was an alcoholic who drank throughout all her pregnancies, and Petitioner's parents ran a bootleg alcohol business in their dry county using their children to deliver and hide the illegal alcohol. This alcohol business also brought many strangers into Petitioner's home with whom his parents hosted all-night parties where Petitioner's mother got drunk and engaged in sexual relationships with the men. Some of these men also attacked the McNish children, and his parents did nothing to stop them. Petitioner's father, George McNish, abused his children, and his mother did not take the children to see a doctor because she did not want people to find out what he was doing to the children. In

8

addition, Petitioner had to watch his sisters being molested by his older brothers, some of whom also abused him.

Petitioner's siblings started running away from home at young ages in order to get away from the physical and sexual abuse in their home. As a child, Petitioner would not run far from home, but would climb high into trees and stay there as long as he could. At seventeen years old, Petitioner enlisted in the Army; however, he was discharged during basic training after the Army doctor discovered a birth defect after Petitioner suffered a back injury. Petitioner subsequently attempted to re-enlist in the Army and again in the Navy, but was quickly discharged for fraudulent entry.

Petitioner had been self-medicating for his back pain, and compounded this with additional pain medication for his headaches following a head injury from a car accident in 1974. After two failed marriages and the termination from his job with a restaurant, Petitioner moved back to his parents' apartment complex. Shortly after, Petitioner attempted suicide by overdosing on nerve pills. Petitioner was admitted to a mental health center where he acknowledged an intent to kill himself. Petitioner was diagnosed with hysterical personality and drug dependence. In the months leading up to the offense, Petitioner reported taking a many as eighty pills of Seconal, Darvon, Valium, Nimbutal, and Meprobamate on a daily basis.

### b. Counsel's Performance under *Strickland*

As previously explained, to show a substantial ineffective assistance of counsel claim, a petitioner must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687–88. A counsel's performance is considered deficient if it is objectively unreasonable under prevailing professional norms. *Id*. at 688.

It is well established that failure to investigate and present mitigating evidence at sentencing generally constitutes ineffective assistance of counsel. *See Williams*, 529 U.S. at 393 (finding that Petitioner had received ineffective assistance based on counsel's failure to uncover and provide mitigating evidence). The Supreme Court has found deficient performance in cases where counsel failed to investigate and present evidence of a petitioner's family and mental history as mitigating evidence. *See, e.g., Sears v. Upton*, 561 U.S. 945, 951 (2010) (finding it unsurprising that the trial court concluded counsel was deficient for failing to provide evidence of petitioner's history in mitigation); *Wiggins v. Smith*, 539 U.S. 510, 5333 (2003) (holding that counsel's failure to investigate petitioner's background fell below the standard of professional norms as required by *Strickland*); *Williams*, 529 U.S. at 395 (involving counsel's failure to investigate petitioner's background that would have revealed his abusive family history).

Under *Strickland*, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Where counsel chooses not to investigate, the decision "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgment." *Id*. at 691.

Here, Petitioner's trial counsel had available to them Petitioner's records which indicated a history of attempted suicides, depression, blackouts, and drug abuse, as well as reports that Petitioner suffered from displaced anger at his parents stemming from overwhelming memories from his past [Doc. 202 p. 5]. However, trial counsel chose not to investigate petitioner's family history any further because of their decision to pursue a reasonable doubt defense. Counsel's failure to discover and present evidence of Petitioner's family history in mitigation cannot be

10

considered strategic because counsel did not fulfil their obligation to independently investigate this evidence in order to make an informed decision. *See, e.g., Carter v. Bell*, 218 F.3d 581, 596 (6th Cir. 2000) (stating that counsel must make independent investigations into potential mitigating evidence in order to make an informed decision as to its utility). Likewise, the Court cannot find that counsel's decision to limit their investigation into Petitioner's family history in this manner was reasonable, particularly considering that counsel had a general knowledge of the difficulties of Petitioner's family history. Even further, nothing in the record indicates that Petitioner gave counsel any information that would have obviated counsel's duty to thoroughly investigate this potential line of mitigating evidence. *See, e.g., Strickland*, 466 U.S. at 691 (stating that strategic choices may be made based on information provided by a defendant which may diminish or eliminate a need for investigation). As such, the Court finds that counsel's failure to investigate and present evidence of Petitioner's family history constituted deficient performance under *Strickland*.

### c. Prejudice under *Strickland*

The second prong of *Strickland* requires Petitioner to show that he was prejudiced by counsel's deficient performance. To prove prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Where a petitioner challenges a death sentence, "the question is whether there is a reasonable probability that, absent the errors, the sentencer . . . would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." *Id*. at 695. "To assess that probability, we consider 'the totality of the available mitigation evidence—both that adduced at trial, and the evidence adduced in the habeas

11

proceeding'—and 'reweigh it against the evidence in aggravation.'" *Porter v. McCollum*, 558 U.S. 30, 41 (2009) (quoting *Williams*, 529 U.S. at 397–98).

During the sentencing phase of Petitioner's trial, counsel presented testimony from Petitioner's father, mother, niece, ex-wife, and friend, as well as testimony from Petitioner himself. The sum of the testimony portrayed Petitioner as a good-hearted, tender, and compassionate person who was not violent and loved his family and friends. The State, on the other hand, presented testimony from a detective who verified that photographs of the victim's badly beaten body accurately reflected the condition of her body after the murder.

In a substantially similar case, *Foust v. Houk*, 655 F.3d 524 (6th Cir. 2011), the Sixth Circuit granted a conditional writ of habeas corpus vacating a death sentence based on the fact that counsel failed to present sufficient evidence of the petitioner's family history at the mitigation hearing. *Id*. at 546. In *Foust*, trial counsel failed to obtain Children's Services records, interview family members, and prepare witnesses for the mitigation hearing. *Id*. at 535. Rather, the only testimony presented at trial was from Foust's parents and a psychologist who had been approved as a mitigation specialist. *Id*. at 530–32. The mitigation testimony included evidence of an abusive, alcoholic father; violence and adultery in Foust's childhood home; Foust's mother's imprisonment; Foust's violent upbringing and its impact on his relationship with women; and Foust's suffering with depression, unstable emotions, and alcohol abuse. *Id*. The Sixth Circuit, nonetheless, found that the testimony presented at the mitigation hearing only "scratched the surface" of Foust's horrific childhood and dysfunctional home life. *Id*. at 539. Although the court acknowledged that the aggravating circumstances of the crime were overwhelming, the Court still found that the horror of Foust's childhood undermined reasonable confidence in the reliability of his death sentence. *Id*. at 546.

12

The evidence presented in mitigation at Petitioner's sentencing was even less comprehensive than the evidence the Sixth Circuit previously found insufficient in *Foust*. *See id*. In the present case, Petitioner's counsel completely disregarded evidence of the degenerative environment Petitioner grew up in; evidence that Petitioner suffered physical and sexual abuse from his parents, their customers, and his siblings; evidence of Petitioner's addiction to prescription medication; and evidence of Petitioner's mental health issues. Petitioner was not merely a good-hearted, tender, compassionate, and non-violent person. If anything, these characteristics were undermined by the nature of the crime for which Petitioner had been convicted. Counsel's failure to do more than scratch the surface of Petitioner's grim family and social history cannot be deemed inconsequential regardless of the cruel nature of the crime in question.

Accordingly, the Court finds that although the aggravating circumstance—i.e., the heinous nature of the crime—was compelling, the new evidence of Petitioner's family history is equally overwhelming and necessarily "undermines reasonable confidence in the reliability of [Petitioner's] death sentence. *Id*. at 546. Petitioner's underlying ineffective assistance of trial counsel claim alleging that trial counsel was ineffective for failing to investigate and present evidence of Petitioner's family history has merit, and habeas relief will be **GRANTED** for this claim.

### B. Failure to Investigate and Present Evidence on the Absence of Premeditation

Petitioner's second claim of ineffective assistance of counsel alleges that trial counsel failed to investigate and present evidence of lack of premeditation during the guilt phase of Petitioner's trial [Doc. 202]. Respondent argues that this issue does not fall within the scope of *Martinez* because this Court previously found that the issue was defaulted on post-conviction appeal, rather than during the post-conviction trial level [Doc. 208]. Petitioner's reply argues

that this issue was not fully and fairly presented to the post-conviction trial court, and that he merely alleged that it was in his initial habeas petition in order to overcome a procedural default on the issue [Doc. 211].

As an initial matter, the Court must determine which level the claim was defaulted, as the Supreme Court has made clear that *Martinez* and *Trevino* are not applicable at any stage other than the initial-review collateral proceeding. *See Martinez*, 132 S. Ct. at 1316. While the Court does not encourage Petitioner's practice of repudiating previous arguments in order to seek review of defaulted claims, upon review of Petitioner's post-conviction record, the Court cannot find that Petitioner's claim of failure to investigate and present evidence on the absence of premeditation was fully and fairly presented to the state post-conviction trial court. In his first petition for state post-conviction relief, Petitioner generally claimed that his trial counsel "failed to investigate and present all available evidence that would support Petitioner's claims of innocence regarding the first degree murder charge" [Addendum No. 3, Vol. 1, p. 4]. Petitioner never made any specific reference to failure to present evidence on absence of premeditation. Likewise, in his second amended petition, Petitioner generally argued that there was insufficient evidence of deliberation [*Id*. at p. 84]. To survive a procedural default ruling, a petitioner must present the same claim under the same theory presented to the state courts. *See Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009). Petitioner did not present this claim as an ineffective assistance of counsel claim to the state post-conviction trial court. As such, the Court finds that this claim was procedurally defaulted on the post-conviction trial level and, therefore, falls within the very narrow scope of the *Martinez* exception.

As previously outlined, to be successful under *Martinez* and *Trevino*, a petitioner must show a substantial underlying ineffective assistance of trial counsel claim under *Strickland*.

14

*Martinez*, 132 S. Ct. at 1319. This showing requires petitioner to demonstrate that his claim is substantial, and can meet a cursory application of the *Strickland* two-prong test—i.e., that trial counsel's performance was deficient, and that this deficient performance prejudiced petitioner. *See Strickland*, 466 U.S. at 687–88.

Petitioner claims that his trial counsel failed to "follow the obvious signs pointing to [his] inability to form the heightened mental state required for premeditation," and instead solely chose to pursue a reasonable doubt defense [Doc. 202 p. 41]. According to Petitioner, because intoxication can negate a specific-intent crime in Tennessee, evidence of Petitioner's intoxication caused by the amount of drugs he had consumed on the day of the crime would have been relevant to negate premeditation [*Id*. at 41–44]. *Strickland* instructs that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." 466 U.S. at 690. *Strickland* further advises that the reasonableness of counsel's action may be determined or substantially influenced by the defendant's own statements or actions. *Id.* at 691. "Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant." *Id*. Trial counsel testified that Petitioner contended from the beginning that he did not commit the crime and, as such, that was the line of defense that they chose to pursue [Addendum No. 3, Vol. 3, p. 252; Addendum No. 3, Vol. 3, p. 120].

Under *Strickland*, the Court cannot find that trial counsel was deficient in failing to pursue other avenues of defense. *Strickland* suggests that information supplied by a defendant may considerably diminish or eliminate the need for further investigation. *Strickland*, 466 U.S. at 691. Here, based on Petitioner's insistence to trial counsel that he did not commit the crime, and that it was in fact someone else, counsel adopted a reasonable doubt strategy in the guilt

15

phase of Petitioner's trial, and it is not this Court's place to second-guess that strategic decision. As such, the Court finds that Petitioner's claim of ineffective assistance of counsel for failure to investigate and present evidence on the lack of premeditation is not substantial and does not warrant relief under *Martinez*.

### III. Conclusion

For the reasons stated above, the Court finds that Petitioner has failed to show that his claim for ineffective assistance of counsel for failure to investigate and present evidence on the absence of premeditation is substantial, permitting him to overcome its procedural default under *Martinez* and *Trevino*. This claim will, therefore, be **DENIED**. However, the Court finds that Petitioner was denied the effective assistance of counsel during the penalty phase of his trial, and his sentence of death will be **VACATED**. The writ of habeas corpus shall issue, unless within 180 days from the entry of the Court's order, the State shall conduct a new sentencing hearing or impose a lesser sentence consistent with law.

### IV. Certificate of Appealability

The Court must also consider whether to issue a Certificate of Appealability ("COA"). Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Where a claim has been dismissed on the merits, a substantial showing is made if reasonable jurists could conclude the issues raised are adequate to deserve further review. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

After reviewing Petitioner's claim, the Court finds that reasonable jurists could not conclude that Petitioner's claim of ineffective assistance of counsel for failure to investigate and

16

Case 2:00-cv-00095-PLR-MCLC Document 212 Filed 02/25/16 Page 16 of 17 PageID #: 547

phase of Petitioner's trial, and it is not this Court's place to second-guess that strategic decision. As such, the Court finds that Petitioner's claim of ineffective assistance of counsel for failure to investigate and present evidence on the lack of premeditation is not substantial and does not warrant relief under *Martinez*.

### III. Conclusion

For the reasons stated above, the Court finds that Petitioner has failed to show that his claim for ineffective assistance of counsel for failure to investigate and present evidence on the absence of premeditation is substantial, permitting him to overcome its procedural default under *Martinez* and *Trevino*. This claim will, therefore, be **DENIED**. However, the Court finds that Petitioner was denied the effective assistance of counsel during the penalty phase of his trial, and his sentence of death will be **VACATED**. The writ of habeas corpus shall issue, unless within 180 days from the entry of the Court's order, the State shall conduct a new sentencing hearing or impose a lesser sentence consistent with law.

### IV. Certificate of Appealability

The Court must also consider whether to issue a Certificate of Appealability ("COA"). Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Where a claim has been dismissed on the merits, a substantial showing is made if reasonable jurists could conclude the issues raised are adequate to deserve further review. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

After reviewing Petitioner's claim, the Court finds that reasonable jurists could not conclude that Petitioner's claim of ineffective assistance of counsel for failure to investigate and

present evidence on the lack of premeditation is adequate to deserve further review. The Court will, therefore, **DENY** a COA on this issue because Petitioner has failed to make a substantial showing of the denial of a constitutional right.

ORDER ACCORDINGLY.

_____
**UNITED STATES DISTRICT JUDGE**